IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NICOLE BEDER,

    Plaintiff,

  v.                                                        CIV. No. 16-1417 KG/KRS

NEW MEXICO ATTORNY GENERAL'S OFFICE,
HECTOR BALDERAS, *in his official and individual
capacity as Attorney General of New Mexico, and*
MARGARET McLEAN, *in her official and individual
capacities,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on *Plaintiff's Motion to Recognize the Timely Filing of the Amended Complaint as a Matter of Right and Motion for Discretionary Remand to State Court Based on the Absence of a Federal Claim* (Doc. 27), filed May 8, 2017, and *Plaintiff's Motion to Dismiss Federal Claim or, in the Alternative, Accept the Amended Complaint as a Disavowal of any Federal Claim* (Doc. 29), filed on May 8, 2017. For the reasons explained below, the Court grants Plaintiff's request to recognize the amended complaint as timely filed. Further, the Court, in its discretion, declines to exercise supplemental jurisdiction over the amended complaint and, therefore, remands the matter to state court. Finally, the Court denies Plaintiff's motion to dismiss her federal claims as moot.

    *Procedural History*

    Plaintiff was employed as an attorney in Defendant New Mexico Attorney General's Office from approximately June 2008 through December 2014. On April 27, 2016, Plaintiff filed a complaint in the First Judicial District Court, County of Santa Fe, State of New Mexico,

against Defendants (collectively, NMAGO) alleging the following: Count 1, discrimination on the basis of her physical disability "as defined by the Human Rights Act and the Americans with Disabilities Act (ADA)," and citing "NMSA 1978, § 28-1-2 (2007), -7 (2004 and 42 U.S.C. § 12112;" Count 2, discrimination by failing to provide a reasonable accommodation, " in violation of the ADA and the Human Rights Act;" and Count 3, retaliation for requesting a reasonable accommodation, "a protected activity under the Human Rights Act and the ADA." (Doc. 1-3).

On December 29, 2016, NMAGO timely filed its Notice of Removal, asserting original (federal question) jurisdiction, as provided in 28 U.S.C. § 1441(c)(1), in that the complaint brought federal claims under the ADA. (Doc. 1).

On January 19, 2017, Plaintiff filed her amended complaint, (Doc. 7), pursuant to Fed. R. Civ. P. 15(a)(1)(B), alleging the following: Count 1, discrimination based on her disability as defined by the Human Rights Act, NMSA 1978, § 28-1-2 (2007), -7 (2004); Count 2, discrimination by failing to provide a reasonable accommodation, in violation of the Human Rights Act; and Count 3, retaliation for requesting a reasonable accommodation, a protected activity under the Human Rights Act. The amended complaint, thus, eliminates any claim under the ADA and brings only state claims.

Then, on January 25, 2017, Plaintiff filed her motion to remand for lack of federal jurisdiction. (Doc. 9). NMAGO filed its response in opposition, (Doc. 15); and Plaintiff filed her reply, (Doc. 17). On April 20, 2017, this Court held a hearing on the motion to remand and, after hearing argument, denied the motion to remand, finding that removal was proper because the face of the complaint includes federal claims under the ADA. (Docs. 23, 22).

The Court also ordered additional briefing on "(a) whether [Plaintiff] timely filed her amended complaint" and (b) if she did, "whether this Court should exercise supplemental jurisdiction over the state claims in the amended complaint." (Doc. 23). Those two issues are now fully briefed. Specifically, on May 8, 2017, Plaintiff filed her motion to recognize her amended complaint was timely filed, (Doc. 27, 28); on May 19, 2017, NMAGO filed a response, (Doc. 31); and on May 30, 2017, Plaintiff filed her reply. In addition, on May 8, 2017, Plaintiff filed her motion to dismiss her federal claim or, alternatively, to accept the amended complaint as a disavowal of her federal claim, (Doc. 29); on May 19, 2017, NMAGO filed a response, (Doc. 32); and on May 30, 2017, Plaintiff filed her reply, (Doc. 35).

*Motion to Recognize Timeliness of Amended Complaint*

In support of her motion to recognize the timeliness of her amended complaint, Plaintiff establishes she timely filed the amended complaint pursuant to Rule 15(a)(1)(B), which authorizes an amended pleading "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff then argues that the Court, in its discretion, should decline to exercise supplemental jurisdiction over the amended complaint, which now contains only state claims, and remand the case to state court. (Doc. 28) at 3. NMAGO does not dispute the timeliness of the amended complaint. Instead, NMAGO urges this Court to exercise supplemental jurisdiction over the amended complaint, arguing Plaintiff may not amend her complaint solely to divest this Court of federal jurisdiction. (Doc. 31) at 3-4.

It is quite clear from her filings Plaintiff prefers to litigate her state claims in state court and, therefore, "disavows" her federal claims and seeks remand. NMAGO correctly argues it is impermissible to amend a complaint post-removal solely to escape federal jurisdiction, citing for

3

example, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938); *Bouie v. Equistar Chem., L.P.*, 188 F.Appx. 233 (5th Cir. 2006); *Ching v. Mitre Corp.*, 921 F.2d 11 (1st Cir. 1990); *Medel v. Travis Cty. Juvenile Prob. Dep't,* 2011 WL 672310 (W.D. Tex.); *Greenwald v. Palm Beach Cty., ex rel. Bd. of County Com'rs*, 796 F.Supp. 1506 (S.D. Fla. 1992). Even so, and having determined the amended complaint is timely, the next question remains whether this Court, independent of Plaintiff's preferences, should exercise supplemental jurisdiction over Plaintiff's state law claims.

Indeed, under 28 U.S.C. § 1367(c)(3), a district court has the discretion to decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [supplemental] jurisdiction. . . ." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990). The Court considers the interests of judicial economy, convenience, fairness, and comity when determining whether to exercise supplemental jurisdiction over the state claims. *Id.*

Here, the interests of judicial economy, convenience, fairness, and comity would not be served by retaining supplemental jurisdiction over the state claims. *Id.* Taking into consideration the foregoing factors, and following Tenth Circuit precedent, the Court declines to exercise supplemental jurisdiction over the state claims. Hence, the Court will remand this case to the First Judicial District Court, County of Santa Fe, State of New Mexico.

*Motion to Dismiss*

Although the Court remands Plaintiff's case to state court, it, nevertheless, considers Plaintiff's motion to dismiss. Plaintiff argues, in part, that she "never intended to raise an ADA claim and never would have intended to litigate such a claim in federal court without a waiver of sovereign immunity from Defendants." (Doc. 29) at ¶ 11. Perhaps, although the Court remains somewhat mystified that Plaintiff referred to the ADA at all in the original complaint. Even so, the Court considered the ADA claims in denying the motion to remand and determining the Court had federal jurisdiction at the time of removal. (Doc. 23).

Plaintiff now offers Fed. R. Civ. P. 41(a) (voluntary dismissal) and, alternatively, Rule 15(a) (request to amend complaint), as authority to grant her motion to dismiss her federal claims. Plaintiff adds that NMAGO will not be prejudiced if the Court dismisses the ADA claims under either rule. NMAGO does not assert that a dismissal of those claims will prejudice it. Rather, NMAGO asserts Plaintiff's amended complaint renders the motion to dismiss moot and maintains it is not permissible for Plaintiff to attempt to escape federal jurisdiction by amending her complaint to drop the federal claims from her original well-pleaded complaint. (Doc. 32) at 3-4.

Clearly, the amended complaint moots the motion to dismiss. With respect to NMAGO's second concern that Plaintiff impermissibly is attempting to avoid federal jurisdiction, the Court finds the Honorable Bruce D. Black's analysis in *Baker, et al., v. City of Santa Fe*, 11-CV-528 BB/ACT, Order Remanding Case (Doc. 28) (slip. op.) (filed Nov. 2, 2011) to be helpful. Indeed, when determining which rule, either Rule 41(a) or Rule 15(a), applies, Judge Black recognized the analysis is the same under both, that "[u]nder each rule, a plaintiff's request to amend or dismiss should be freely granted, absent some demonstrable prejudice to the opposing party." *Id*.

at 3.

Applying the same analysis here, the Court determines that dismissal of Plaintiff's federal claims at this stage will not prejudice NMAGO. *Id.* (citing *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005)). This case is still in the very early stages of litigation. The case has proceeded in federal court only insofar as to determine whether jurisdiction is proper and, if so, whether remand is appropriate. Otherwise, the case has been stayed and all deadlines have been vacated. (Doc. 13). There are no pending dispositive motions, so it cannot be said Plaintiff is attempting to avoid an adverse ruling. Plaintiff has represented she never intended to raise an ADA claim, (Doc. 29) at 5, and for that reason is not expected to file a new lawsuit on that claim. *But see, e.g., Baeke*, 413 F.3d at 1124 (discussing whether dismissal of claims under Fed. R. Civ. P. 41 is prejudicial and noting "[p]rejudice does not arise simply because a second action has been or may be filed against the defendant"). Although Plaintiff's motion to dismiss is moot, the Court, nevertheless, finds no prejudice to NMAGO by Plaintiff's decision to drop her ADA claims.

IT IS ORDERED that:

1. *Plaintiff's Motion to Recognize the Timely Filing of the Amended Complaint as a Matter of Right and Motion for Discretionary Remand to State Court Based on the Absence of a Federal Claim* (Doc. 27) is granted;

2. *Plaintiff's Motion to Dismiss Federal Claim or, in the Alternative, Accept the Amended Complaint as a Disavowal of any Federal Claim* (Doc. 29) is denied as moot; and

3. this case will be remanded to the First Judicial District, County of Santa Fe, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE